UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 3:15-cr-05-RLY-CMM-02 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| JAMES LING | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:15-cr-00005-RLY-CMM ) |
| JAMES LING, | ) -02 ) |
| Defendant. | ) |

**ORDER**

Defendant James Ling has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 411. Mr. Ling seeks immediate release from incarceration, or in the alternative, a modification in sentence allowing him to serve the remainder of his custodial term on home confinement.[1] Dkt. 443. For the reasons explained below, his motion is **DENIED**.

**I.   Background**

In 2016, Mr. Ling pled guilty to one count of conspiracy to possess with intent to distribute and to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 851. Dkts. 224, 255, 300. Mr. Ling was involved in trafficking large amounts of methamphetamine with several other individuals in southwestern Indiana. When he was arrested, Mr.

---

[1] Pursuant to statute, the location of a prisoner's confinement is the sole province of BOP, and its placement decisions are "not reviewable by any court." 18 U.S.C. § 3621(b). The Court therefore does not have the authority to order the remainder of Mr. Ling's sentence to be served on home confinement. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (district court lacks authority to order transfer to home confinement); *United States v. Council*, No. 1:14-CR-14-5, 2020 WL 3097461, at *7 (N.D. Ind. June 11, 2020); *United States v. Neeley*, No. 1:14-cr-00096, 2020 WL 1956126, at *2 (S.D. Ind. Apr. 23, 2020). Instead, in accordance with § 3582(c)(1)(A), the Court considers whether to reduce Mr. Ling's sentence to time served. *See United States v. Millbrook*, No. 20-2147, 2021 WL 960743, at *2 (7th Cir. Mar. 15, 2021) (finding no error when district court failed to discuss defendant's alternative request for transfer to home confinement because the court had no authority to grant the request under § 3582, which authorizes only sentence "reductions").

2

Ling was on his way back from Phoenix, Arizona and had 17 pounds (7.71 kilograms) of methamphetamine in his rental car. Dkt. 274. The Court sentenced Mr. Ling to 288 months of imprisonment and 10 years of supervised release. Dkts. 255, 300. The Bureau of Prisons ("BOP") gives Mr. Ling's projected release date (including good-time credit) as June 7, 2035.

Mr. Ling is 53 years old. He is currently incarcerated at FCI Terre Haute in Terre Haute, Indiana. As of April 5, 2021, the BOP reports that no inmates or staff members at FCI Terre Haute have active cases of COVID-19; it also reports that 723 inmates at FCI Terre Haute have recovered from COVID-19 and that 2 inmates at FCI Terre Haute have died from the virus. https://www.bop.gov/coronavirus/ (last visited Apr. 6, 2021). The BOP has also actively begun vaccinating inmates against COVID-19. *Id.* As of April 5, 2021, 841 inmates and 267 staff members at FCC Terre Haute (of which FCI Terre Haute is a part) have received both doses of the COVID-19 vaccine. *Id.*

In June 2020, Mr. Ling filed a pro se motion for compassionate release. Dkt. 411. The Court appointed counsel, dkt. 429, counsel filed a supporting memorandum and supplemental notice, dkt. 443, the United States responded, dkt. 445, and Mr. Ling filed a reply, dkt. 447. Thus, his motion is ripe for decision.

**II.   Discussion**

Mr. Ling seeks reduction of his sentence to time served and immediate release based on "extraordinary and compelling reasons" as set forth in 18 U.S.C. § 3582(c)(1)(A)(i). In his motion and supporting memorandum, Mr. Ling argues that due to his underlying medical conditions (including obesity, hypertension, epilepsy, hyperlipidemia, sleep apnea, gastroesophageal reflux disease, enlarged prostate, cerebrovascular disease and irritable bowel syndrome), he is at risk for severe illness should he contract COVID-19, and the BOP is not equipped to protect him. Dkt. 443. In response, the United States argues that Mr. Ling would pose a danger to the community if released

and that the § 3553(a) factors do not favor release. Dkt. 445. After briefing was completed, Mr. Ling filed a supplemental notice informing the Court that he tested positive for COVID-19 on January 26, 2021 and was experiencing chills, fatigue and weakness. Dkt. 455.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for a reduction based on "extraordinary and compelling reasons." Now, a defendant is also permitted to file such a motion after exhausting administrative remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018). The amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,[2] may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction; or
> >
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

---

[2] The United States concedes that Mr. Ling has exhausted his administrative remedies. Dkt. 428.

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* Before passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c). U.S.S.G. § 1B1.13.

Section 1B1.13 sets forth the following considerations. First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable." U.S.S.G. § 1B1.13.

As to the first consideration, Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . "). It has not been updated since the First Step Act amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by prisoners. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" does not curtail a district court judge's discretion. *Id.* at 1180. Nonetheless, the Commission's analysis in § 1B1.13 can guide a court's discretion without being conclusive. *Id.* As to motions brought under the "catchall" provision in Subsection (D), district judges should give the Director of the BOP's analysis substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id.*

Accordingly, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion.

Mr. Ling does not suggest that Subsections (A)-(C) of Application Note 1 to § 1B1.13 apply to him. Instead, he asks the Court to exercise its broad discretion to find that extraordinary and compelling reasons warrant immediate release in his case.[3]

---

[3] In keeping with the Seventh Circuit's instruction in *Gunn*, 980 F.3d at 1180–81, the Court would typically consider the warden's rationale in denying Mr. Ling's administrative remedy. However, the warden reviewed Mr. Ling's request before he had contracted COVID-19. Thus, the warden's decision provides little guidance to the Court's analysis.

The Court declines to find extraordinary and compelling reasons warranting a sentence reduction in this case. Although Mr. Ling purports to have a condition that increases his risk of experiencing severe symptoms from COVID-19, *see* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Apr. 6, 2021) (identifying obesity as a condition that can make you more likely to get severely ill from COVID-19), he contracted COVID-19 at the end of January 2021, shortly after he received his first COVID-19 vaccine, and does not claim to be suffering from any severe symptoms. He complained of chills, fatigue and weakness, and also had an oxygen saturation level of 93% which is lower than normal. Dkt. 455. However, nothing in the record suggests the Mr. Ling is suffering from severe or debilitating symptoms or that his issues are not being effectively managed by the medical staff. Thus, he has not shown extraordinary and compelling reasons warranting a sentence reduction. *See, e.g.*, *United States v. Weatherspoon*, No. 2:11-cr-9-JMS-CMM-07, dkt. 894 (S.D. Ind. July 7, 2020) (finding no extraordinary and compelling reason where defendant had conditions putting him at risk for severe COVID-19 symptoms and had been hospitalized after testing positive for COVID-19, but had since recovered); *United States v. Wyatt*, No. 3:17-cr-11-RLY-MPB-02, dkt. 165 (S.D. Ind. Sept. 3, 2020) (finding no extraordinary and compelling reason where defendant had conditions putting him at risk for severe COVID-19 symptoms and had tested positive for COVID-19 but remained asymptomatic); *United States v. Young*, No. 3:15-cr-38-RLY-CMM-03, dkt. 139 (denying motion to reconsider and finding no extraordinary and compelling reason warranting release where defendant claimed to be experiencing chest pains and difficulty breathing several months after his COVID-19 diagnosis because the symptoms were not severe or debilitating).

Any potential concern about reinfection in the future does not change the result. The Court recognizes that FCI Terre Haute previously experienced a serious outbreak of COVID-19. Nonetheless, any reliance on the possibility that Mr. Ling will be reinfected and suffer severe

7

symptoms is speculative. *See* https://www.cdc.gov/coronavirus/2019-ncov/if-you-are-sick/quarantine.html (last visited Apr. 5, 2021) ("Cases of reinfection of COVID-19 have been reported but are rare."). To date, this Court has declined to find extraordinary and compelling circumstances warranting a sentence reduction when a defendant has recovered from COVID-19—even when that defendant has risk factors for severe symptoms. *See*, *e.g.*, *Wyatt*, No. 3:17-cr-11-RLY-MPB-02, dkt. 165 (S.D. Ind. Sept. 3, 2020); *United States v. Gevirtz*, No. 1:17-cr-68-RLY-MJD-01, dkt. 68 (S.D. Ind. Sept. 14, 2020); *United States v. Young*, No. 1:10-cr-3-SEB-DML-17, dkt. 1540 (S.D. Ind. July 27, 2020). The fact that the BOP is now actively vaccinating inmates against COVID-19—including inmates such as Mr. Ling at FCI Terre Haute—only underscores the speculative nature of any concern about reinfection.

Given the Court's determination that Mr. Ling has not shown extraordinary and compelling reasons to justify his release, whether the 3553(a) factors weigh in favor of his release need not be discussed at length. Nonetheless, the Court concludes that they weigh against release. In his favor, Mr. Ling has not had any disciplinary infractions during his imprisonment, and he is assigned to an "honor dorm" at FCI Terre Haute. While incarcerated, Mr. Ling has completed several programs including drug education, earning his GED, and financial planning and education courses. He works as an electrician and is the lead person of the maintenance department for UNICOR Federal Prison Industries. He has completed one Department of Labor apprenticeship and is currently enrolled in a second. For the last three years, Mr. Ling has worked as an Inmate Suicide Companion, and his duties include interacting with those on suicide watch and making sure they do not harm themselves.

Weighing against him, Mr. Ling was involved in a methamphetamine trafficking ring, and when he was arrested returning from a buying trip in Arizona, he had 17 pounds (7.71 kilograms) of methamphetamine in his rental car. Mr. Ling also has several serious felonies in his criminal history including: (1) possession of chemical reagents or precursors with intent to manufacture

8

methamphetamine, possession of marijuana, domestic battery in 2003; (2) dealing in methamphetamine in 2003; (3) possession of precursors in 2007; (4) possession of methamphetamine in 2013; and (5) theft in 2014. Dkt. 274. When he was arrested for the instant offenses, Mr. Ling was still on probation for his theft conviction. The BOP rates Mr. Ling as a medium risk for recidivism and gives him a medium security classification. Finally, Mr. Ling has only served 30 percent of his sentence and is not scheduled to be released for another 14 years. Under these circumstances, the Court cannot conclude that the 3553(a) factors favor release.

In light of these considerations, the Court cannot find that any risk Mr. Ling faces from COVID-19 warrants releasing him from incarceration at this time. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (affirming denial of motion for compassionate release where district court found that § 3553(a) factors weighed against release despite COVID-19 risk because defendant committed serious offense and had only served one-third of sentence); *United States v. Ebbers*, No. S402-CR-11443VEC, 2020 WL 91399, at *7 (S.D.N.Y. Jan. 8, 2020) (in evaluating a motion for compassionate release, the court should consider whether the § 3553(a) factors outweigh the "extraordinary and compelling reasons" warranting compassionate release, and whether compassionate release would undermine the goals of the original sentence).

### III.  Conclusion

For the reasons stated above, Mr. Ling's motion for compassionate release, dkt. [411], is **denied**.

**IT IS SO ORDERED.**

Date:   4/08/2021

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel